Paffe *v.* Ervin.

*D. D. Banta* and *C. Byfield*, for appellee.

———————⚬———————

## PAFFE *v.* ERVIN.

PRACTICE.—*Bill of Exceptions.—Evidence.*—When the evidence is not all contained in a bill of exceptions, this court cannot reverse on the insufficiency of the evidence.

SAME.—*Conflicting Evidence.*—Where the evidence is conflicting, this court cannot reverse on the evidence, if there be any evidence upon which the finding can reasonably be sustained.

APPEAL from the Marion Circuit Court.

PETTIT, J.—This was a suit by the appellee against the appellant to set aside a transfer of land as fraudulent, and to subject it to the payment of a debt. There was a trial by jury, verdict for plaintiff below, motion for a new trial overruled, and judgment on the verdict. The only question in the case is as to the sufficiency of the evidence to sustain the verdict. All of the evidence is not in the record. A title bond that appears to have been read in evidence is nowhere in the transcript, the clerk saying that it is not on file. Here we might stop, but we will add that the evidence, so far as it is before us, is conflicting, and is such as might warrant the finding; and although, as we see it in the transcript, we may think it preponderates against the verdict, we cannot reverse the action of the court below. It has been the uniform ruling of this court that we cannot reverse on a mere preponderance of evidence, where it is conflicting, and where there is any upon which the finding or verdict can reasonably be sustained, which is the case here. The reason of this rule is so obvious, and has so often been stated, that it will not bear repetition; and we only wonder that counsel will continue to bring such cases here and urge a reversal upon the weight of evidence.

The judgment is affirmed, at the costs of the appellant.

*J. Milner,* for appellant.

*L. Barbour, C. P. Jacobs,* and *C. W. Smith,* for appellee.